No. 22-1249

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

APPLE INC., CISCO SYSTEMS, INC., GOOGLE LLC, INTEL CORPORATION, EDWARDS LIFESCIENCES CORPORATION, AND EDWARDS LIFESCIENCES LLC,
*Plaintiffs - Appellants*,

v.

ANDREW HIRSHFELD, Performing the Functions and Duties of the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office,
*Defendant - Appellee.*

Appeal from the United States District Court for the Northern District of California, No. 5:20-cv-06128, Judge Edward J. Davila

# BRIEF OF AMICI CURIAE TESLA, INC. AND AMERICAN HONDA MOTOR CO., INC. IN SUPPORT OF APPELLANTS

Michael A. Berta
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, California 94111-4024
Telephone: +1 415.471.3100
Facsimile: +1 415.471.3400
Michael.Berta@arnoldporter.com
*Counsel for Amicus Curiae Tesla, Inc.*

*(additional counsel listed on next page)*

James Oliva
AMERICAN HONDA MOTOR CO., INC.
700 Van Ness Avenue
Torrance, CA 90501
(310) 781-4817
*Counsel for Amicus Curiae American Honda Motor Co., Inc.*

James F. Sherwood
TESLA, INC.
1333 H Street NW
Washington, DC 20005
(202) 436-0165
*Counsel for Amicus Curiae Tesla, Inc.*

# CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rule 47.4, undersigned counsel for Amicus Curiae Tesla, Inc. certifies the following:

1. **Represented Entities.** Provide the full names of all entities represented by undersigned counsel in this case.

**Tesla, Inc.**

2. **Real Party in Interest**. Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. **N/A**

3. **Parent Corporations and Stockholders.** Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. **N/A**

4. **Legal Representatives.** List all law firms, partners, and associates that (a)appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. **N/A**

5. **Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. **N/A**

6. **Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). **N/A**

Dated: February 15, 2022 *\/s/ Michael A. Berta*

## CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rule 47.4, undersigned counsel for Amicus Curiae American Honda Motor Co., Inc. certifies the following:

1. **Represented Entities.** Provide the full names of all entities represented by undersigned counsel in this case.

**American Honda Motor Co., Inc.**

2. **Real Party in Interest**. Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. **N/A**

3. **Parent Corporations and Stockholders.** Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.

**American Honda Motor Co., Inc. is a wholly-owned subsidiary of Honda Motor Co., Ltd. (Japan)**

4. **Legal Representatives.** List all law firms, partners, and associates that (a)appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. **N/A**

5. **Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. **N/A**

6. **Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). **N/A**

Dated: February 15, 2022 *<u>/s/ James Oliva</u>*

## TABLE OF CONTENTS

**Page**

SUMMARY OF THE ARGUMENT .......... 3
ARGUMENT .......... 4
I. NHK-FINTIV WAS REQUIRED TO GO THROUGH NOTICE AND COMMENT. .......... 4
A. NHK-Fintiv Has Been a Substantive And Transformational Rule. .......... 5
B. Under 35 USC § 316, NHK-Fintiv Can Only Be Promulgated as a Regulation. .......... 8
II. WHETHER NHK-FINTIV IS VALID PRESENTS A JUSTICIABLE CONTROVERSY BECAUSE COURTS HAVE THE AUTHORITY TO REVIEW RULES RELATED TO INSTITUTION. .......... 10
III. NHK-FINTIV RESULTS IN INCONSISTENT ACCESS TO IPR .......... 12
CONCLUSION .......... 16

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Apple Inc. v. Fintiv, Inc.*,
No. IPR2020-00019, Paper 11 (P.T.A.B. Mar. 20, 2020) .......... 3, 6, 8, 16

*Bowen v. Mich. Acad. of Fam. Physicians*,
476 U.S. 667 (1986) .......... 10

*Chrysler Corp. v. Brown*,
441 U.S. 281 (1979) .......... 9

*Facebook, Inc. v. Windy City Innovations, LLC*,
973 F.3d 1321 (Fed. Cir. 2020) .......... 11

*Google LLC v. AGIS Software Development LLC*,
No. IPR2020-00873, Paper 16 (P.T.A.B. Nov. 25, 2020) .......... 7

*Morton v. Ruiz*,
415 U.S. 199 (1974) .......... 9

*NHK v. Intri-Plex Techs., Inc.*,
No. IPR2018-00752, Paper 8 (P.T.A.B. Sept. 12, 2018) .......... 3, 6, 14, 16

*NLRB v. Wyman-Gordon Co.*,
394 U. S. 759 (1969) .......... 9

*Sotera Wireless, Inc. v. Masimo Corp.*,
No. IPR2020-01019, Paper 12 (P.T.A.B. Dec. 1, 2020) .......... 15

*United States Telecom Ass'n v. FCC*,
400 F.3d 29 (D.C. Cir. 2005) .......... 10

*Vivid Techs., Inc. v. Am. Sci.*,
200 F.3d 795 (Fed. Cir. 1999) .......... 16

### Statutes

5 U.S.C. § 551(4) .......... 5

5 U.S.C. § 553 .......... 6

5 U.S.C. § 702 .......... 10

5 U.S.C. § 702(a) .......... 10

35 U.S.C. § 271 .......... 9

35 U.S.C. § 314(d) .......... 11

35 U.S.C. § 316 .......... *passim*

35 U.S.C. § 316(a)(2), .......... 6, 8, 9

35 U.S.C. § 316(a)(4) .......... 8, 9

35 U.S.C. § 316(b) .......... 6, 8, 14

Administrative Procedure Act .......... *passim*

Leahy-Smith America Invents Act .......... 3, 4, 11, 13, 15

**Other Authorities**

37 C.F.R. Part 41 .......... 6

77 Fed. Reg. 6,868 (Feb. 9, 2012) .......... 5

77 Fed. Reg. 6,879 (Feb. 9, 2012) .......... 4

77 Fed. Reg. 48,612 (Aug. 14, 2012) .......... 5

Andrew T. Dufresne et al., *How Reliable are Trial Dates Relied on by the PTAB in the Fintiv Analysis?* (Oct. 29, 2021), *available at* https://www.1600ptab.com/2021/10/how-reliable-are-trial-dates-relied-on-by-the-ptab-in-the-fintiv-analysis/ .......... 15

David Boundy, *The PTAB Is Not an Article III Court, Part 3: Precedential and Informative Opinions*, 47 AIPLA Q. J. 1 (Winter 2019) .......... 5

Elon Musk, *All Our Patent Are Belong To You* (June 12, 2014), https://www.tesla.com/blog/ all-our-patent-are-belong-you ........ 2

Fed. R. App. P. 29(a)(2) ........ 1

Fed. R. App. P. 29(a)(4)(E) ........ 1

PTAB, Standard Operating Procedure 2 (Rev. 10), https://www.uspto.gov/sites/default/files/documents/ SOP2%20R10%20FINAL.pdf ........ 6

Patent Trial and Appeal Board Consolidated Practice Guide November 2019, *available at* https://uspto.gov/sites/default/files/documents/tpgnov.pdf ........ 6

Unified Patents, PTAB Procedural Decisions Report: Non-Merits Based Decisions Rise, Denials Fall, *available at* https://www.unifiedpatents.com/insights/ptab-procedural-decisions-report ........ 7

USPTO, PTAB Issues Claim Construction Final Rule, *available at* https://uspto.gov/patents/ptab/procedures/ptab-issues-claim-construction ........ 14

USPTO, Remarks by Director Iancu at the PTAB Bar Association Annual Meeting (Sept. 24, 2020), *available at* https://www.uspto.gov/about-us/news-updates/remarks-director-iancu-ptab-bar-association-annual-meeting ........ 4

## AUTHORITY TO FILE AND RULE 29(A)(4)(E) STATEMENT

This brief is authorized to be filed under Fed. R. App. P. 29(a)(2) because all parties have consented to its filing. Pursuant to Fed. R. App. P. 29(a)(4)(E), undersigned counsel states that no party's counsel authored this brief in whole or in part; no party or party's counsel contributed money intended to fund preparing or submitting the brief; and no person, other than amici curiae and their counsel, contributed money that was intended to fund preparing or submitting the brief.

Tesla, Inc. and American Honda Motor Co., Inc. submit this brief as *amici curiae* in support of Appellants Apple Inc., Cisco Systems, Inc., Google LLC, Intel Corporation, Edwards Lifesciences Corporation, and Edwards Lifesciences LLP.

## INTEREST OF AMICI CURIAE

Tesla is the leading innovator in the design, development, and manufacture of high-performance fully electric vehicles and solar energy generation and storage products. Tesla operates multiple manufacturing facilities in the United States. Tesla's Fremont Factory in California has the capacity to produce over 600,000 vehicles per year. Tesla is headquartered in Austin, Texas, at its Gigafactory Texas facility, where builds of Tesla's Model Y have begun and where it has also been developing the Tesla Cybertruck.

In 2014, Tesla announced that its patents would be open sourced for the advancement of electric vehicle technology and that Tesla would not initiate patent lawsuits against anyone who, in good faith, wanted to use its technology.[1] It did so based on its goal of accelerating the advent of sustainable transport and to allow the world to benefit from a common technology platform. Despite its patent pledge, Tesla has been a defendant in multiple patent cases. Tesla believes that the availability of *inter partes* review ("IPR") is an important safeguard for parties accused of infringing invalid patents. And more generally, the PTO's ability and willingness to correct improperly issued patents promotes patent quality.

American Honda Motor Co., Inc. is a leading innovator and manufacturer of automobiles. Honda provides American consumers with over one million cars and light trucks a year, the vast majority of which are produced in the United States.

As both an owner and licensee of patents, Honda welcomes a balanced approach between the rights of both patent owners and implementers alike. Honda believes the Patent Office should encourage the granting of quality patents while exercising its

[1] *See* Elon Musk, *All Our Patent Are Belong To You* (June 12, 2014), https://www.tesla.com/blog/all-our-patent-are-belong-you; Tesla Patent Pledge, https://www.tesla.com/legal/additional-resources#intellectual-property (accessed Feb. 15, 2022).

Congressional mandate to reject improperly issued ones. To that end, the institution of *inter partes* review plays a critical role in promoting patent quality and ensuring that parties cannot enforce invalid patents.

## SUMMARY OF THE ARGUMENT

Rules regarding institution of IPR and the relationship between IPR proceedings and district court proceedings were required by Congress to be promulgated as regulations under 35 U.S.C. § 316. NHK-Fintiv is just such a rule. Setting aside whether NHK-Fintiv is consistent with the Leahy-Smith America Invents Act ("AIA") or *per se* impermissible, NHK-Fintiv was not promulgated correctly and did not go through notice and comment. It is thus invalid under the Administrative Procedure Act ("APA"). And, notice and comment would have been material. First, as discussed herein, NHK-Fintiv has disrupted fair and equal access to IPR proceedings in ways that are prejudicial to petitioners, including automotive and manufacturing companies looking for consistency and predictability. Second, the way NHK-Fintiv was declared to be a rule governing administrative action by the PTO—by fiat, post hac, without prior warning or notice—was unfair to the petitioners in NHK and Fintiv and to all petitioners with petitions pending at the time. It is exactly the opposite of how

administrative rulemaking is supposed to proceed. Invalid substantive rulemaking is and should be a justiciable issue.

## ARGUMENT

### I. NHK-FINTIV WAS REQUIRED TO GO THROUGH NOTICE AND COMMENT.

After he announced that NHK-Fintiv would be precedential, the former Director speculated that the exemplary circumstances justifying denial of institution of an IPR under NHK-Fintiv denial would be "quite rare indeed."[2] That prediction turned out to be incorrect. Not only has NHK-Fintiv frustrated Congress's express directive that the PTO provide an alternative review path for invalidity of patents to trial in district court, NHK-Fintiv has done so in a discriminatory way that depends on where and when a party has been sued.

The NHK-Fintiv rule would have benefited from public scrutiny to avoid the substantive and legal problems that now plague the rule. But there was no notice and no opportunity for affected parties to comment. This Court should reject the Director's attempt to implement transformational changes to the PTAB and the America Invents Act without following the Administrative Procedure Act.

---

[2] *See* USPTO, Remarks by Director Iancu at the PTAB Bar Association Annual Meeting (Sept. 24, 2020), *available at* https://www.uspto.gov/about-us/news-updates/remarks-director-iancu-ptab-bar-association-annual-meeting.

### A. NHK-Fintiv Has Been a Substantive And Transformational Rule.

Under Section 316 of the AIA, the Director "shall" prescribe regulations regarding IPR proceedings. Accordingly, shortly after the AIA was enacted, the PTO issued Notices of Proposed Rulemaking[3] and Final Rules regarding practice before the PTAB in IPR and other post-grant proceedings.[4] The PTO concurrently published a trial practice guide "to provide the public an opportunity to comment."[5] Nothing in the original rules provided for the PTAB to deny petitions based on trial dates in parallel proceedings.

In September 2018, the PTO announced PTAB Standard Operating Procedure 2 (Revision 10), which purports to provide that the Director can designate certain Board decisions as "precedential" and thus "binding Board authority in subsequent matters involving similar facts or issues."[6] It is not entirely clear from where the authority to promulgate SOP 2 derives.[7] Regardless, declaring a decision

---

[3] Rules of Practice for Trials Before the Patent Trial and Appeal Board and Judicial Review of Patent Trial and Appeal Board Decisions, 77 Fed. Reg. 6,879 (Feb. 9, 2012) ("Proposed rulemaking").

[4] Rules of Practice for Trials Before the Patent Trial and Appeal Board and Judicial Review of Patent Trial and Appeal Board Decisions, 77 Fed. Reg. 48,612 (Aug. 14, 2012) ("Final rule").

[5] *Id.* (citing Practice Guide for Proposed Trial Rules, 77 Fed. Reg. 6,868 (Feb. 9, 2012)).

[6] PTAB, Standard Operating Procedure 2 (Rev. 10) at 11, https://www.uspto.gov/sites/default/files/documents/SOP2%20R10%20FINAL.pdf.

[7] Relevant here, SOP 2 does not provide a mechanism for notice or comment prior to declaring decisions precedential. Because SOP 2

"precedential" and thus binding on future decisions is rulemaking. 5 U.S.C. § 551(4) (a rule is "the whole or a part of an agency statement of general or particular applicability and future effect"). Under that self-granted authority, the Director designated both the *NHK* and *Fintiv* decisions as precedential.[8] By doing so, the PTO engaged in rule-making but without the notice and opportunity for public comment that came with prior rules regarding practice before the PTAB. The NHK-Fintiv rule is not found anywhere in 37 C.F.R. Part 41 ("Practice Before the Patent Trial and Appeal Board"), but the Board expects parties to address the NHK-Fintiv rule before it will institute a proceeding.[9]

---

itself was not promulgated by regulation, commentators have argued that SOP 2 is invalid and thus cannot provide any authority to the PTO to act adversely to any member of the public and cannot create authority for the PTO to create rules of prospective effect. David Boundy, *The PTAB Is Not an Article III Court, Part 3: Precedential and Informative Opinions*, 47 AIPLA Q. J. 1, 42 (Winter 2019).

8 *NHK v. Intri-Plex Techs., Inc.*, No. IPR2018-00752, Paper 8 (P.T.A.B. Sept. 12, 2018) ("NHK"); *Apple Inc. v. Fintiv, Inc.*, No. IPR2020-00019, Paper 11 (P.T.A.B. Mar. 20, 2020) ("Fintiv") (collectively "NHK-Fintiv").

9 *See* Patent Trial and Appeal Board Consolidated Practice Guide November 2019 at 55-58, *available at* https://uspto.gov/sites/default/files/documents/tpgnov.pdf. Notably, this section of the Trial Practice Guide acknowledges the Director's obligation to prescribe regulations regarding the standards for institution, *see id. at* 55-56, 58, n.2 (citing 35 U.S.C. §§ 316(a)(2), (b)), but proceeds to discuss factors, including those in the NHK decision, that the Board will consider for institution that were never properly promulgated under Section 316.

NHK-Fintiv affects the rights and duties of petitioners before the PTAB because it conditions petitioners' right to relief through IPR on external factors such as what schedule is placed on the petitioner in any co-pending district court litigation. As such, it is a substantive legislative rule that should have been subject to the requirements of 5 U.S.C. § 553. And there is no question that making NHK-Fintiv a rule was extraordinarily substantive in effect. Indeed, the former Director expressly confirmed that the NHK-Fintiv rule was part of a "PTAB transformation" that purportedly "restored balance" in instituting IPR proceedings.[10]

NHK-Fintiv is not only substantive, it has indeed been transformational. Since 2019, the NHK-Fintiv rule has been applied to deny at least 175 IPR petitions.[11] Critically, those denials include proceedings where the PTAB expressly found that the petitioner was likely to prevail on the merits.[12]

---

[10] *See* Remarks by Director Iancu, *supra* note 2.

[11] *See* Unified Patents, PTAB Procedural Decisions Report, *available at* https://www.unifiedpatents.com/insights/ptab-procedural-decisions-report.

[12] *See, e.g.*, *Google LLC v. AGIS Software Development LLC*, No. IPR2020-00873, Paper 16 at 15 (P.T.A.B. Nov. 25, 2020) (denying institution under NHK-Fintiv despite finding "that there is a reasonable likelihood that Petitioner would prevail with respect to at least one of the claims challenged in the Petition.").

### B. Under 35 USC § 316, NHK-Fintiv Can Only Be Promulgated as a Regulation.

The purported justification for NHK-Fintiv is to allow the PTAB to deny institution on various factors including what the timing of an IPR proceeding would be as compared to the time to trial of any co-pending district court litigation involving the petitioner and the challenged patent.[13] But for certain rules, Congress determined that the Director is required to promulgate such rules as regulations. Specifically, the Director "shall prescribe regulations" (*i.e.*, not just make pronouncements), in two relevant circumstances:

> setting forth the standards for the showing of sufficient grounds to institute a review under section 314(a)[14]

and

> establishing and governing inter partes review under this chapter and the relationship of such review to other proceedings under this title.[15]

Entirely setting aside whether NHK-Fintiv is permissible in the first instance, it was required to be promulgated as a regulation. Consistent with this, the Board decision in *Fintiv* itself pointed to Section 316's

---

[13] *Fintiv* at 6 ("These factors relate to whether efficiency, fairness, and the merits support the exercise of authority to deny institution in view of an earlier trial date in the parallel proceeding.").

[14] *See* 35 USC § 316(a)(2).

[15] *See* 35 USC § 316(a)(4).

regulation-issuing grant from Congress for authority to announce the rule.[16]

Consistent with the PTAB's own concession, there should be no question that NHK-Fintiv has, in fact, formed part of the Section 316(a)(2) standard for showing sufficient grounds to institute a review; NHK-Fintiv has been used to decline to institute reviews that otherwise expressly have been found to show sufficient grounds.

And under Section 316(a)(4), NHK-Fintiv most certainly governs the relationship of IPR to district court patent proceedings under 35 U.S.C. § 271, since the application of NHK-Fintiv is predicated on the claimed status and timing of district court patent infringement proceedings.

Because NHK-Fintiv falls within the statutory provisions mandating certain rules that were required by Congress to be promulgated as regulations, the Director was required to follow a notice-and-comment process for NHK-Fintiv under basic principles of administrative law.[17]

---

[16] *Fintiv* at 6 ("Therefore, in evaluating the factors, the Board takes a holistic view of whether efficiency and integrity of the system are best served by denying or instituting review."). *See* TPG, *supra* note 9 at 58 (quoting 35 U.S.C. § 316(b)).

[17] *See Chrysler Corp. v. Brown*, 441 U.S. 281, 303 (1979) ("Likewise the promulgation of these regulations must conform with any procedural requirements imposed by Congress.") *Morton v. Ruiz,* 415 U.S. 199, 232 (1974). For agency discretion is limited not only by substantive, statutory grants of authority, but also by the procedural requirements which "assure fairness and mature

This did not happen.

## II. WHETHER NHK-FINTIV IS VALID PRESENTS A JUSTICIABLE CONTROVERSY BECAUSE COURTS HAVE THE AUTHORITY TO REVIEW RULES RELATED TO INSTITUTION.

Because Congress directed that rules dealing with the subject matter covered by NHK-Fintiv shall be made by regulation under Section 316 (and thus subject to notice and comment), the question of whether the Director followed Congress's directive is reviewable under the APA. 5 U.S.C. § 702.[18]

The APA recognizes exceptions to judicial review only when "statutes precluded judicial review" or where "agency action is committed to agency discretion." 5 U.S.C. § 702(a). Consistent with the "strong presumption that Congress intends judicial review of administrative action,"[19] neither exception applies to Section 316.

First, Section 316 does not preclude judicial review. There is no such language in Section 316. And, where Congress intended to

---

consideration of rules of general application." *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 764 (1969). The pertinent procedural limitations in this case are those found in the APA..

[18] *See, e.g.*, *United States Telecom Ass'n v. FCC*, 400 F.3d 29, 34, 38 (D.C. Cir. 2005) (confirming that "when a statute defines a duty in terms of agency regulations, those regulations are considered legislative rules" and that "[courts and many commentators] have generally referred to the category of rules to which the notice-and-comment requirements do apply as 'legislative rules.'").

[19] *Bowen v. Mich. Acad. of Fam. Physicians*, 476 U.S. 667, 670 (1986).

preclude judicial review regarding institution issues, Congress knew how to do so. Specifically, Congress precluded appeal for determinations on "whether to institute an inter partes review under this section." *See* 35 U.S.C. § 314(d). But the review bar in Section 314 is just that—a review bar specifically for decisions under Section 314. Indeed, the review bar is expressly limited to "this section"—Section 314. By its own terms, it does not apply to any other section of the AIA.[20] Thus, even where a particular institution decision is not reviewable under Section 314, there is no bar on judicial review of <u>rules</u> regarding institution decisions—especially rules that are required to have been promulgated under Section 316 as regulations.[21]

Second, Section 316 is mandatory, not discretionary. Implementing rules under Sections 316(a)(2) and (a)(4) is therefore not a discretionary act immune from judicial review. Section 316

---

[20] *See Facebook, Inc. v. Windy City Innovations, LLC*, 973 F.3d 1321, 1330-32 (Fed. Cir. 2020) (decision under Section 315(c) to effect joinder of a time-barred petition is reviewable, even if the institution of the time-barred petition is not reviewable under Section 314).

[21] *Id*. at 1350 (Under the AIA, "[t]he express delegation of rulemaking authority, thus, is for the Director to promulgate regulations governing the conduct of IPRs. When Congress expressly delegates to the Director the ability to adopt legal standards and procedures by prescribing regulations, the Director can only obtain *Chevron* deference if it adopts such standards and procedures by prescribing regulations.") (emphasis omitted) (internal quotation marks and citations omitted).

makes clear that such rules about institution and the relationship between IPR and district court shall be promulgated by regulation, not edict, and are thus subject to process requirements such as notice and comment under the APA. While individual determinations to institute under Section 314(a) may be discretionary or may be insulated from review, that does not imply that rules related to institution under Section 316 are insulated from review. Nothing in Sections 314 or 316 suggests otherwise or indicates any intent from Congress to overcome the strong presumption of judicial review.

Here, the statutory authority for making NHK-Fintiv a rule could only have come from Section 316, which means that the rule is subject to judicial review. Especially here, where the NHK-Fintiv rule substantively conflicts with Congress's instructions regarding institution of IPRs, the PTO cannot shield NHK-Fintiv from review by ducking the question of how the rule was authorized to be promulgated in the first place. At a minimum, it should have been subject to notice and comment as a regulation.

## III. NHK-FINTIV RESULTS IN INCONSISTENT ACCESS TO IPR

By not seeking and addressing public input, the Patent Office overlooked serious problems with the NHK-Fintiv rule.

As an initial matter, the rule has been applied to far more proceedings than the Patent Office likely anticipated. Up until 2019,

the PTAB had never rejected a petition for inter partes review based on the trial date in a parallel proceeding. In 2019, the Board denied 6 petitions, followed by an astounding 85 in 2020 and 84 in 2021:[22]




Rejections based on the Patent Office's understanding of co-pending litigation status went from 0% of the PTO's rationale in 2018 to over 70% of the bases for discretionary denial by 2021. There is no question but that the rule has had a serious detrimental effect on institutions of otherwise valid challenges to patents under the AIA.

As astonishing as the statistics are, the quantity of rejections also does not tell the full story. Even where proceedings are instituted, the NHK-Fintiv rule imposes requirements on petitioners beyond statute and the Office's properly enacted regulations. Because NHK-Fintiv

---

22 *See* Unified Patents, PTAB Procedural Decisions Report, *supra* note 11.

essentially mandates a foot-race between the PTO and district court, the rule forces petitioners to file far earlier than the one-year bar date. Thus, parties are filing petitions before the parties have narrowed the number of asserted claims at issue and before the district court has had an opportunity to address claim construction disputes. This, in turn, requires petitioners to challenge a greater number of claims under multiple potential competing claim constructions,[23] creating a greater burden for both petitioners and the Board. The NHK-Fintiv rule is thus entirely inconsistent with the considerations under Section 316(b) to "promote the efficient administration of the Office."

Likewise, the NHK-Fintiv rule often forces petitioners to make early decisions regarding prior art, often before opportunities to seek third-party discovery of prior artists. The AIA provided a year after service of a complaint for petitioners to file a petition, in part to allow petitioners to develop the scope and content of the prior art. Forcing petitioners to file early to beat the clock on a claimed trial date under

---

[23] The NHK-Fintiv rule's treatment of claim construction also appears in tension with prior rules. In NHK, the Board's rationale in part was that an IPR should not be instituted where claims had already been construed in a parallel district court proceeding. *NHK* at 19-20. But, when the PTO issued a rule aligning its claim construction standard with the district court standard, the PTO explained that a prior claim construction ruling in district court would be taken into account in IPR for efficiency and consistency. *See* USPTO, PTAB Issues Claim Construction Final Rule, *available at* https://uspto.gov/patents/ptab/procedures/ptab-issues-claim-construction ("the PTAB will take into consideration any prior claim construction that has been made in a civil action.")

the NHK-Fintiv rule upsets the balance struck with the one-year bar date.[24]

To make matters worse, the NHK-Fintiv rule disproportionately disfavors some defendants on a jurisdiction-by-jurisdiction basis, because different jurisdictions have different approaches to scheduling trial dates and other case events. Not only that, but the Board is almost always wrong about trial dates.[25] All of which confirms that the Board, which consists of specialized APJs with technical backgrounds to aid in their review of the merits of IPR petitions, may not be well-suited to making determinations about how federal judges are likely to run their dockets. As this court has recognized, trial schedules are the province of district judges, and they're given wide discretion to manage their cases.[26] The Board's resources would be better spent on the merits of petitions.

---

[24] In a similar regulatorily dubious move, the PTO declared *Sotera Wireless, Inc. v. Masimo Corp.*, No. IPR2020-01019, Paper 12 at 19 (P.T.A.B. Dec. 1, 2020) as precedential on Dec. 17, 2020, days after it issued, which purports to require parties to stipulate to estoppel conditions far earlier than the statutory estoppel for IPR under Section 314 in order to obtain institution. As with NHK-Fintiv, this improperly burdens petitioners post hac and changes the balance struck by the AIA through actions not permitted by the APA.

[25] *See* Andrew T. Dufresne et al., *How Reliable are Trial Dates Relied on by the PTAB in the Fintiv Analysis?* (Oct. 29, 2021), *available at* https://www.1600ptab.com/2021/10/how-reliable-are-trial-dates-relied-on-by-the-ptab-in-the-fintiv-analysis/.

[26] *Vivid Techs., Inc. v. Am. Sci.*, 200 F.3d 795, 803-04 (Fed. Cir. 1999) ("A district court has broad powers of case management . . . .").

Moreover, the lack of notice and comment is not a trivial procedural issue. Petitioners are required to prove their entire case in their petition. But the Board and the Director's approach with the *NHK* and *Fintiv* decisions changed the rules after the fact, with petitioners finding out six months after their petitions were filed that the Board and Director decided on new rules for institution. This is the opposite of how administrative law is supposed to function. This *post hac* rulemaking approach makes IPR a guessing game for petitioners, and one that is particularly problematic for automotive and manufacturing companies that favor and rely on rules that are known in advance and predictably applied.

## CONCLUSION

For these reasons, and for the reasons argued in Appellants' brief, the Court should reverse the district court and remand for adjudication of the Appellants' claims for relief.

Respectfully submitted,

Dated: February 15, 2022

By: */s/ Michael A. Berta*
Michael A. Berta
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, California 94111-4024
Telephone: 415-471-3100
Facsimile: 415-471-3400
Michael.Berta@arnoldporter.com
*Counsel for Amicus Curiae*
*Tesla, Inc.*

James F. Sherwood
TESLA, INC.
1333 H Street NW
Washington, DC 20005
(202) 436-0165
*Counsel for Amicus Curiae*
*Tesla, Inc.*

By: */s/ James Oliva*
James Oliva
AMERICAN HONDA MOTOR CO., INC.
700 Van Ness Avenue
Torrance, CA 90501
(310) 781-4817
*Counsel for Amicus Curiae*
*American Honda Motor Co., Inc.*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Circuit Rule 29(b) because it contains 3,538 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and Federal Circuit Rule 32(b).

Dated: February 15, 2022 *<u>/s/ Michael A. Berta</u>*

## STATEMENT OF CONSENT

Pursuant to Federal Circuit Rule 32(g)(3)(B), the undersigned represents that counsel for Amicus Curiae American Honda Motor Co., Inc. consented to his signatures on this Brief.

Dated: February 15, 2022 *<u>/s/ Michael A. Berta</u>*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to all registered users.

Dated: February 15, 2022 *_/s/ Michael A. Berta_*