WILMERHALE

January 9, 2023

**Catherine Carroll**

+1 202 663 6072 (t)
+1 202 663 6363 (f)
catherine.carroll@wilmerhale.com

**BY ECF**
Peter R. Marksteiner, Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW, Suite 401
Washington, D.C. 20439

Re: ***Apple Inc. et al. v. Vidal*, No. 2022-1249**

Dear Colonel Marksteiner:

I write in response to the Director's January 6, 2023 letter (Dkt. 67-1). *US Inventor Inc. v. Vidal*, No. 21-40601 (5th Cir. Sept. 30, 2022) (unpublished), in no way undermines the district court's standing ruling, as the Fifth Circuit held it is "distinguishable as involving materially different parties." Op.10 n.8.

The plaintiffs in *US Inventor* asserted that the Director's failure to conduct a rulemaking setting standards for discretionary denials injured them by increasing the risk that their patents would be invalidated in IPR or post-grant review. Op.6. The Fifth Circuit held this injury was "too speculative to create standing." Op.7. The plaintiffs' theory required an "assum[ption]" that any "lawful rulemaking would provide better off-ramps for patentees to avoid IPR and PGR," and even if that assumption was accepted, the plaintiffs had not shown that any challenge to their patents was imminent. Op.9-10.

The Fifth Circuit distinguished this case as "materially different." Op. 10 n.8. Appellants' injury here does not turn on the likelihood that patents will or will not be found unpatentable through IPR; rather, Appellants' injury is that the *Fintiv* Rule will be applied to unlawfully deprive them of the chance to seek cancellation of weak patents through IPR. Losing a "chance to obtain" a benefit is Article III injury. *E.g.*, *Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973, 983 (2017); Reply Br. 4-6; Appx8. Moreover, Appellants' injury is not speculative because the complaint plausibly alleges a "substantial risk" the *Fintiv* Rule will be applied to deny their IPR petitions. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157-158 (2016); *see* Reply 7-8. As the Fifth Circuit noted, unlike the plaintiffs in *US Inventor*, Appellants have "already had specific suits dismissed" due to the Rule's application. Op. 10 n.8. And Appellants plausibly allege that they have filed IPR petitions and will file additional ones; that the Board will be legally obligated to apply the *Fintiv* Rule in considering those petitions; and that there exists a substantial risk that application of the Rule will result in the denial of at least some of those petitions. Reply 2-4, 7-8.

Respectfully submitted,

/s/ Catherine M.A. Carroll
Catherine M.A. Carroll

cc: Counsel of record (via ECF)